UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, C/O FINCH, C/O PERCIFIELD, C/O GRIJALVA, SGT. C. ROOP, HERBERT C. PENROSE, MICHAEL ESTES, KRISTI ENTROP, DR. JUGUILON, STEPHEN SINCLAIR, RAYMOND BUCHMANN, C/O ADAMIRE, RON FRAKER, ROB JACKSON, COUNSELOR WALKER, KURT GRUBB, C/O DELEON, C/O PALMER, JASON ROMERO, ADELE WILLIAMS, BRYAN MCGARVIE, DARREN HEAWARD, DENISE LARSON, LT. TOM TABER, JASON ULRICH, and STATE OF WASHINGTON,<br><br>Defendants. | No. C11-5572 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: January 27, 2012** |

Before the Court is Plaintiff's request to enjoin the Defendants from "committing ongoing constitutional violations" against him and to transfer him to one of four specified Department of Corrections (DOC) facilities to "prevent further harm" to him. ECF No. 46. Having carefully reviewed the motions, Defendants' opposition (ECF No. 54), Plaintiff's reply (ECF No. 58), and balance of the record, the Court recommends that the motion be denied.

## BACKGROUND

Plaintiff Jerome Alverto filed this civil rights action against the DOC and twenty-four of its employees (collectively the "DOC") on July 28, 2011. ECF No. 6. Plaintiff alleges sixteen

REPORT AND RECOMMENDATION - 1

causes of action based on the DOC's actions from December 2009 through May 2011. *Id.* Plaintiff alleges several instances of staff sexual misconduct, failure of staff to protect him from other inmates, inadequate medical care, retaliation, limited law library access, and state Public Records Act violations. *Id.* at 6- 28. At least three of the incidents underlying his allegations occurred before Plaintiff was transferred to his current location at the Clallam Bay Corrections Center (CBCC). *Id.* at 6-11.

The majority of Plaintiff's claims rise from his allegations that he was the victim of several assaults by other inmates and that DOC staff failed to protect him from the assaults and/or denied him the right to engage in self-defense. ECF No. 46 at 2. Plaintiff also alleges that he is being retaliated against for reporting custodial sexual misconduct. *Id.* at 3. Plaintiff raises three new claims in his motion for injunctive relief, *i.e.,* a First Amendment violation premised on a directive to stop speaking in Spanish; a tort claim premised on staff destroying legal materials, and an Eighth Amendment violation premised on the denial of food. ECF No. 46 at 3-4. Plaintiff asks for an order enjoining the named Defendants and "their successors in office, agents and employees and all other persons acting in concert and participation with them." *Id.* at 1.

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d

542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 375 (emphasis and citations omitted).

As noted above, Plaintiff seeks an order enjoining Defendants, and others, from (1) "committing ongoing constitutional violations" and (2) directing Defendants to move him to one of four identified DOC facilities. Before turning to Plaintiff's claims of "ongoing constitutional violations", the Court turns first to Plaintiff's allegations arising from incidents at facilities other than CBCC, persons other than those who are defendants in this case, and claims other than those raised in the complaint.

**A.     Allegations Premised on Incidents Other Than CBCC**

Plaintiff seeks an injunction against several Defendants who are employed at the Washington State Penitentiary (WSP). Plaintiff is now housed at the CBCC. Additionally, several of Plaintiff's claims are premised on incidents that occurred at WSP. ECF No. 46; ECF No. 6 at 6, 6-11. Specifically, these include claims of not being allowed access to the courts, improper frisk searches, and the harassment from those alleged improper searches. ECF No. 46 at 4.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated his claims for such relief become moot when he is no longer subjected to those

REPORT AND RECOMMENDATION - 3

conditions. *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir.1995). Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief premised on incidents that occurred at WSP against Defendants employed at the WSP be **DENIED.**

**B.  Non Parties**

Plaintiff asks that this Court impose an injunction against Defendants' "successors in office, agents and employees and all other persons acting in concert and participation with them." ECF No. 46 at 1. Additionally, Plaintiff seeks an injunction against unnamed correctional staff who ordered or allowed offenders to assault him. ECF No. 6 and ECF No. 46. However, this Court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief against Defendants' "successors in office, agents and employees, all other persons acting in concert and participation with them," and unnamed correctional staff who ordered or allowed offenders to assault him, be **DENIED.**

**C.  Claims Not Raised in Complaint**

Plaintiff is asking this Court to impose a preliminary injunction based, in part, on an alleged First Amendment violation for receiving a directive to stop speaking Spanish, a tort claim for the destruction of legal materials, denial of recreation, cell confinement, and an Eighth Amendment claim for the denial of food. ECF No. 46 at 3-4. Because these claims were not raised in Plaintiff's complaint, this Court cannot consider them in granting preliminary injunctive relief.

A district court does not have jurisdiction to issue a preliminary injunction when the moving party has "present[ed] issues which [were] entirely different from those which [had

REPORT AND RECOMMENDATION - 4

been] alleged in his original complaint". *Stewart v. United States Immigration & Naturalization Serv.,* 762 F.2d 193, 198-99 (2nd Cir. 1985). Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief on these claims be **DENIED.**

**D.     "Ongoing Constitutional Violations"**

**(1)     Physical Assaults and Injury**

Plaintiff claims that he has been the victim of several physically violent assaults and injuries and that he has the right to exercise self-defense when lawful. He also claims that prison staff at CBCC failed to protect him and/or ordered or allowed offenders to physically and verbally assault him. Plaintiff references three attacks by fellow inmates, the last of which occurred over eight months ago.

The first attack occurred on June 24, 2010. Plaintiff alleges that he was attacked by offender Brian Uhlman, Defendant Taber ordered the attack, Sgt. Teachout failed to retain the surveillance video, and that Defendant Heaward found Plaintiff guilty of fighting even though Plaintiff was only trying to defend himself. ECF No. 58-1 at 2-3. The second attack occurred on December 12, 2010. Plaintiff alleges that he was attacked by offender Steven Shoffner. Plaintiff alleges that Bryan McGarvie wrongfully infracted him for fighting with another person and Defendant Heaward found him guilty of fighting even though most of the staff said that Plaintiff was only defending himself. ECF No. 58-1 at 7. The third attack occurred on April 23, 2011. Plaintiff alleges that offender Javier Caldron attacked him, Sgt. Teachout wrongfully infracted him for fighting, and Defendant Heaward dismissed the infraction because the evidence supported that Plaintiff had acted in self-defense. ECF No. 58-1 at 11-12.

In this motion, Plaintiff alleges the assaults "appear to be ongoing". ECF No. 58. He provides no evidence to support this statement. The evidence reflects that Plaintiff was involved

REPORT AND RECOMMENDATION  - 5

in three altercations in the last two years and the last altercation occurred over eight months ago. There is no evidence to support Plaintiff's allegation that any of the Defendants are failing to protect him or are willfully engaging other prisoners to physically or verbally assault him. In fact, in the last altercation, Plaintiff's evidence reflects that he was found not guilty of fighting because he was only defending himself.

Plaintiff has not shown probable success on the merits. To prevail on the merits, he must demonstrate that prison officials were deliberately indifferent to a risk of harm that today's society is not prepared to tolerate. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To be deliberately indifferent, a prison official must know of, or infer from the circumstances, a risk of harm or injury that "is not one that today's society chooses to tolerate," yet fail to take reasonable actions to mitigate or eliminate that risk. *Farmer*, 511 U.S. at 837. Even bearing in mind that confinement "strips [plaintiff] of virtually every means of self-protection," *Farmer*, 511 U.S. at 833, he has not offered any facts showing he likely will prevail. He does not in his complaint or in the attachments to his complaint allege any specific threats to his safety that would lead a reasonable prison official to believe that Plaintiff was in danger of the attacks that took place in June 2010, December 2010 and April 2011 by the inmates, described by Plaintiff as "European Caucasian American, 'Skinhead Terrorists' and a Mexican terrorist street gang, the 'Surenos.'" ECF No. 58-1 at 2, 7, and 11. Without such allegations, Plaintiff has not even raised serious questions as to the merits.

Neither has Plaintiff demonstrated that the balance of relative hardships tips sharply in his favor or even a threat of irreparable injury. From his allegations it is purely speculative whether he will suffer the injury he alleges in the absence of the requested relief. A showing of

REPORT AND RECOMMENDATION - 6

speculative injury is insufficient grounds for finding that there is irreparable harm. *Caribbean Marine Serve. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.1988). There must be a presently existing threat of harm, although injury need not be certain to occur. *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir.1997). In the absence of a threatened injury that is more than speculative, the Court cannot find that the balance of hardships tips sharply in Plaintiff's favor.

Therefore, Plaintiff has failed to satisfy his burden of demonstrating that a preliminary injunction should issue and his motion for injunctive relief on this claim should be **DENIED.**

### (2) Denial of Equal and Fair Treatment to Programs

Plaintiff claims that "prison staff at CBCC use threat and/or coesion [sic] to force the plaintiff into employment that require the plaintiff to daily strip semi-naked." ECF No. 58. According to attachments to Plaintiff's motion, Plaintiff states that he was the victim of sexual misconduct in December 2009 by two Washington State Penitentiary corrections officers and he suffers traumatic stress when he must undress in the presence of prison staff. ECF No. 58-1 at 28-29. However, according to the grievances attached to Plaintiff's motion, his job at the food service work area requires him to enter and exit through the "Clean/Dirty Room" and the "Clean/Dirty Room – Food Service Operating Procedure states in part, that when inside of the Clean/Dirty Room, offenders will remove their state issues clothing down to their briefs and socks. This practice is to ensure the safety of staff and offenders." ECF No. 58-1 at 20.

Plaintiff provides no evidence or authority for why this practice should give rise to the extraordinary relief he seeks. The undersigned recommends that his motion on this issue be **DENED.**

REPORT AND RECOMMENDATION - 7

**(3) Access to Courts**

Plaintiff claims that he is being subject to ongoing retaliation in that he is being denied "unfettered access to courts." ECF No. 58.

Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). That access must be "adequate, effective, and meaningful." *Id*. at 822. In *Bounds*, the Supreme Court held that the "fundamental constitutional right of access to the courts requires [assistance] in the preparation and filing of meaningful legal papers by providing ... adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 817 (emphasis added); *see also, Lindguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir.1985) (expressly adopting *Bounds*' recognition of alternative means to meet due process requirement of access to the courts). *Bounds* holds that providing access to libraries or adequate legal assistance are merely examples of constitutionally acceptable methods "to assure meaningful access to the courts." 430 U.S. at 830 (decision did not foreclose alternative means to achieve that goal).

Plaintiff states that "staff are denying [him] fair and equal unfettered access to the courts." ECF No. 46. He claims that he has this right even if he is on "non-programming." As noted above, the law does not require that Plaintiff be granted "unfettered" access to a law library. Instead, Plaintiff is entitled to access to the courts that is "adequate, effective, and meaningful." *Bounds*, 430 U.S. at 822. The undisputed evidence before the Court reflects that CBCC is providing Plaintiff with adequate access. According to Defendants, offenders are required to program. ECF No. 54, Exh. 1 (Declaration of Bryan McGarvie). Inmates can fulfill this requirement through work or through education. Pursuant to the CBCC Operating Procedure

REPORT AND RECOMMENDATION - 8

titled "Classification Plan – Non-Programming Cell Assignment Status", offenders will have 45 days after arrival at CBCC to be assigned to an education, work, and/or offender change program. An offender will be placed on Non-Programming Cell Assignment for refusing to program.

Plaintiff is currently on Non-Programming Cell Assignment due to his refusal to work. *Id.* Pursuant to CBCC 21-892, offenders on Non-Programming Cell Assignment are assigned to their cells from 1:00 p.m. to 9:30 p.m., Monday through Friday. *Id.* However, offenders on Non-Programming Cell Assignment are allowed to attend regular law library callouts provided they attend sessions prior to 11:00 a.m. Offenders on Non-Programming Cell Assignment can also request approval for additional sessions if needed and/or request priority law library access. Offenders are not required to program in order to be allowed access to the law library. Plaintiff has not been denied access, priority or otherwise, to the Law Library because he did not program. *Id.*

More importantly, to prevail on the instant motion, Plaintiff needed to establish a violation of his right to access the courts. To show a violation of this right to access the courts, Plaintiff must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); *see also Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (violation can be found where the actual injury arises from the alleged inadequacies in the law library, legal assistance program or access provided by officials). Plaintiff has failed to demonstrate or even argue the existence of actual injury. His motion for injunctive relief on this claim should be **DENIED**

.

REPORT AND RECOMMENDATION - 9

### (4) Medical Care

Plaintiff claims that he has been denied proper and adequate medical care including a chipped front tooth, scars from being stabbed, punched and kicked. ECF No. 46.

According to Defendants, offenders who need to see medical staff at CBCC, must either submit a kite requesting to see medical or sign up for sick call. ECF No. 54, Exhibit 2 (Declaration of Sharon Morgan). Offenders are also seen by medical staff after altercations. *Id.*

According to DOC records, the Plaintiff has been seen by medical staff approximately 36 times and by mental health staff approximately 10 times since being admitted to DOC custody on or about September 16, 2008. ECF No. 54, Exh. 2 (Morgan Decl.) Plaintiff has been seen for a variety of reasons including needing special shoes, complaints of injury after altercations, testicular mass, neck and shoulder pain, blurred vision, asthma from mustard gas, headaches from altercations, and mental health issues. *Id.*

Plaintiff was last seen by medical staff on June 13, 2011, for a dislocated right finger after an altercation. X-rays were taken and at sick call he was given the results. On July 29, 2011, Plaintiff sent a kite to Dr. Johnson requesting to be seen by him instead of a mid-level provider for a second opinion of the x-ray results. Dr. Johnson responded with instructions to sign up for sick call. Plaintiff did not come to sick call and has not been seen by medical since his kite to Dr. Johnson. *Id.*

Plaintiff has accessed health care services at CBCC mostly through sick call and kites. He has been seen several times by nursing staff after altercations resulting in his admission to the Intensive Management Unit. *Id.* Plaintiff does not dispute any of the foregoing. He simply makes the conclusory statement that he has been denied adequate medical care. Plaintiff has demonstrated no injury nor has he demonstrated that irreparable injury is likely in the absence of

an injunction. The undersigned recommends that his motion for injunctive relief be **DENIED** on this claim.

**(5)	False Serious Infraction Reports**

Plaintiff also alleges that he has had false serious infraction reports issued against him. ECF No. 46, p. 2. According to Defendants, Plaintiff has not received an infraction since December, 2010. ECF No. 54, Exhibit 3 (Declaration of Shaunna Carter). There is also no evidence that Plaintiff is under any immediate danger of receiving an infraction or that he has no legal avenues to challenge any infraction that he may receive.

Plaintiff also alleges that he is being denied a job as a unit custodian. ECF No. 46, p. 2. However, he fails to explain how this results in any irreparable harm or rises to the level of injury requiring the extraordinary relief he requests here.

Plaintiff has failed to satisfy his burden of demonstrating that a preliminary injunction should issue and his motion for injunctive relief on this claim should be **DENIED.**

**(6)	Transfer To Facility of Plaintiff's Choosing**

Plaintiff asks that he be transferred to either Stafford Creek Corrections Center, Washington Corrections Center, Washington State Reformatory, or Twin Rivers Corrections. However, as an offender, Plaintiff does not have a constitutional right to remain in a particular prison. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *In re Young*, 95 Wn.2d 216, 219, 622 P.2d 373 (1980). Further, taking authority away from the DOC to make determinations regarding security and safety issues at their facilities is not in the best public interest. Prison officials are afforded great deference in administering the ordinary incidents of prison life such as placement in an appropriate facility. *See Sandin v. Connor*, 515 U.S. 472, 482-83 (1995).

REPORT AND RECOMMENDATION - 11

Other than his conclusory allegations, Plaintiff cites to no authority or provides no adequate reason the Court should grant injunctive relief ordering him to remain at a specific DOC facility.

Finally, Plaintiff does not address how the balance of harm favors him or what public interest will be served by granting him the relief he requests.

## CONCLUSION

Plaintiff has failed to bring forth any evidence that supports the heavy burden required for injunctive relief. Accordingly, the undersigned recommends that Plaintiff's motion (ECF No. 46) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 27, 2012**, as noted in the caption.

**DATED** this  3rd  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12