1
2
3                        UNITED STATES DISTRICT COURT
4                       WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
5

6   JEROME CEASAR ALVERTO,

7                            Plaintiff,              No. C11-5572 RJB/KLS
            v.
8                                                    ORDER DENYING PLAINTIFF'S
    DEPARTMENT OF CORRECTIONS, C/O               SECOND MOTION TO APPOINT
9   FINCH, C/O PERCIFIELD, C/O                    COUNSEL
    GRIJALVA, SGT. C. ROOP, HERBERT C.
10  PENROSE, MICHAEL ESTES, KRISTI
    ENTROP, DR. JUGUILON, STEPHEN
11  SINCLAIR, RAYMOND BUCHMANN, C/O
    ADAMIRE, RON FRAKER, ROB
12  JACKSON, COUNSELOR WALKER,
    KURT GRUBB, C/O DELEON, C/O
13  PALMER, JASON ROMERO, ADELE
    WILLIAMS, BRYAN MCGARVIE,
14  DARREN HEAWARD, DENISE LARSON,
    LT. TOM TABER, JASON ULRICH, and
15  STATE OF WASHINGTON,

16                           Defendants.
17

18          This civil rights action has been referred to United States Magistrate Judge Karen L.

19  Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the Court is

20  Plaintiff's second motion for the appointment of counsel.  ECF No. 64.  Having carefully

21  reviewed Plaintiff's motion, Defendants' opposition (ECF No. 68), and balance of the record, the

22  Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

23                                     **DISCUSSION**

24
            As Plaintiff has previously been advised, no constitutional right exists to appointed
25
    counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also*
26

    ORDER - 1

*United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn*, 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff states that he requires the appointment of counsel because he is incarcerated, indigent, has limited access to law materials, the case will require litigation, and he is not an attorney.  ECF No. 64.  Plaintiff filed his complaint *pro se* and has clearly demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court.  The pleadings on file demonstrate that Plaintiff is familiar with the court rules as well as the law

pertaining to his claims.  Plaintiff has also filed various motions and has conducted discovery.

This is also not a complex case.  Plaintiff claims that he was physically and sexually assaulted

and retaliated against.  This case does not involve complex facts or law.

   Finally, Plaintiff present no evidence to show that he is likely to succeed on the merits of

his case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for

a pro se litigant. Concerns regarding investigation, access to legal resources or examination of

witnesses are not exceptional factors, but are the type of difficulties encountered by many pro se

litigants. Plaintiff has failed in his burden to demonstrate an inability to present his claims to this

Court without counsel.

   Accordingly, Plaintiff's second motion to appoint counsel (ECF No. 64) is **DENIED**. The

Clerk is directed to send copies of this Order to Plaintiff.

   **DATED** this  27th  day of January, 2012.


Karen L. Strombom
United States Magistrate Judge

ORDER - 3