UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME CEASAR ALVERTO,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, C/O FINCH, C/O PERCIFIELD, C/O GRIJALVA, SGT. C. ROOP, HERBERT C. PENROSE, MICHAEL ESTES, KRISTI ENTROP, DR. JUGUILON, STEPHEN SINCLAIR, RAYMOND BUCHMANN, C/O ADAMIRE, RON FRAKER, ROB JACKSON, COUNSELOR WALKER, KURT GRUBB, C/O DELEON, C/O PALMER, JASON ROMERO, ADELE WILLIAMS, BRYAN MCGARVIE, DARREN HEAWARD, DENISE LARSON, LT. TOM TABER, JASON ULRICH, and STATE OF WASHINGTON,

        Defendants.

No. C11-5572 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted For: February 24, 2012**

Before the Court is Plaintiff's motion for "emergency" injunctive relief. ECF No. 60. In this motion, Plaintiff requests an order enjoining "prison staff from removing and/or destroying" his legal documents. *Id.* Having carefully reviewed the motion, Defendants' opposition (ECF No. 60), Plaintiff's reply (ECF No. 63), and balance of the record, the Court recommends that the motion be denied.

**BACKGROUND**

Plaintiff Jerome Alverto filed this civil rights action against the Department of Corrections (DOC) and twenty-four of its employees (collectively the "DOC") on July 28, 2011.

REPORT AND RECOMMENDATION - 1

ECF No. 6. Plaintiff alleges sixteen causes of action based on the DOC's actions from December 2009 through May 2011. *Id.* Plaintiff alleges several instances of staff sexual misconduct, failure of staff to protect him from other inmates, inadequate medical care, retaliation, limited law library access, and state Public Records Act violations. *Id.,* pp. 6-28. At least three of the incidents underlying his allegations occurred before Plaintiff was transferred to his current location at the Clallam Bay Corrections Center (CBCC). *Id.,* pp. 6-11.

The majority of Plaintiff's claims rise from his allegations that he was the victim of several assaults by other inmates and that DOC staff failed to protect him from the assaults and/or denied him the right to engage in self-defense. ECF No. 46, p. 2. Plaintiff also alleges that he is being retaliated against for reporting custodial sexual misconduct. *Id.,* 3.

Plaintiff presently has a motion for injunctive relief pending before this Court, which is the subject of another Report and Recommendation. ECF No. 66.

In this motion for injunctive relief, Plaintiff alleges several additional incidents that occurred in November and December of 2011 that are separate from the incidents in his lawsuit. He complains that Correction Officers Dedman and Cornish have engaged in a "campaign of harassment" against him in randomly searching his living unit and that they infracted him for keeping too many boxes of legal work in his unit. He also alleges that Correction Officer Ides verbally harassed him when he filed a grievance against Correction Officers Dedman and Cornish. He claims that Correction Officers Cornish, Aguilar, and Teachout failed to provide him with a fair infraction hearing. ECF No. 60, pp. 3-6. None of these individuals are defendants in this lawsuit.

Plaintiff states that he sent an appeal of a general infraction to Defendant Heaward and a letter to Defendant Fraker. *See* ECF No. 60, p. 7. He claims that Superintendent Fraker refused

REPORT AND RECOMMENDATION - 2

to "intervene when the Plaintiff complains of staff misconduct", however, the documents attached to Plaintiff's motion clearly indicate that Superintendent Fraker instructed Plaintiff to follow the proper procedures when filing a grievance against staff. *Compare id.* at p. 7 to *id.* at p. 43.

Plaintiff claims that he is in fear for his safety and his property. *Id.* at 7. However, the documents he filed with his motion clearly show that his legal papers were not confiscated, but were left in his cell. ECF No. 60 at 30. In addition, these allegations appear to be based on the same allegations set forth in the affidavit submitted by Plaintiff in support of his previous motion for preliminary injunction which is already pending before the Court. *See* ECF No. 57.

## DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and ... the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376. Moreover, Plaintiff must show more than a mere "possibility" of irreparable harm, but

REPORT AND RECOMMENDATION - 3

instead must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 375 (emphasis and citations omitted).

## A.  Injunction Against Non-Parties

Plaintiff seeks a general injunction against "prison staff" from removing and/or destroying his legal documents. In support, he names several individuals who are not named as defendants in this lawsuit and seeks an order enjoining "prison staff from removing and/or destroying" his legal documents. This Court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969).

## B.  Claims Not Raised in Complaint

Plaintiff is asking this Court to impose a preliminary injunction based on allegations that non-parties have been harassing him with regard to the amount of materials stored in his cell. These incidents all occurred in November and December of 2011, well after Plaintiff filed his complaint and the incidents are completely unrelated to the claims raised in Plaintiff's complaint. Because these claims are not raised in Plaintiff's complaint, this Court cannot consider them in granting preliminary injunctive relief.

A district court does not have jurisdiction to issue a preliminary injunction when the moving party has "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint". *Stewart v. United States Immigration & Naturalization Serv.,* 762 F.2d 193, 198-99 (2nd Cir. 1985).

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's motion (ECF No. 60) be **DENIED.**

REPORT AND RECOMMENDATION  - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 24, 2012**, as noted in the caption.

**DATED** this  27th  day of January, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5