UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME CEASAR ALVERTO,

               Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS, C/O FINCH, C/O PERCIFIELD, C/O GRIJALVA, SGT. C. ROOP, HERBERT C. PENROSE, MICHAEL ESTES, KRISTI ENTROP, DR. JUGUILON, STEPHEN SINCLAIR, RAYMOND BUCHMANN, C/O ADAMIRE, RON FRAKER, ROB JACKSON, COUNSELOR WALKER, KURT GRUBB, C/O DELEON, C/O PALMER, JASON ROMERO, ADELE WILLIAMS, BRYAN MCGARVIE, DARREN HEAWARD, DENISE LARSON, LT. TOM TABER, JASON ULRICH, and STATE OF WASHINGTON,

               Defendants.

No. C11-5572 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

     Before the Court is Plaintiff's Motion for Leave to File a "Supplement" to his Complaint. ECF No. 77. Having considered the motion, Defendants' opposition (ECF No. 80), Plaintiff's reply (ECF No. 81), and balance of the record, the Court finds that Plaintiff's motion to amend will be denied.

## BACKGROUND

     Plaintiff Jerome Alverto filed this civil rights action against the Department of Corrections (DOC) and twenty-four of its employees (collectively the "DOC") on July 28, 2011. ECF No. 6. Plaintiff alleges sixteen causes of action based on the DOC's actions from

ORDER DENYING MOTION TO AMEND - 1

December 2009 through May 2011. *Id*. Plaintiff alleges several instances of staff sexual misconduct, failure of staff to protect him from other inmates, inadequate medical care, retaliation, limited law library access, and state Public Records Act violations. *Id.,* pp. 6-28. At least three of the incidents underlying his allegations occurred before Plaintiff was transferred to his current location at the Clallam Bay Corrections Center (CBCC). *Id.,* pp. 6-11. The majority of Plaintiff's claims arise from his allegations that he was the victim of several assaults by other inmates and that DOC staff failed to protect him from the assaults and/or denied him the right to engage in self-defense. Plaintiff also alleges that he is being retaliated against for reporting custodial sexual misconduct.

In the proposed "supplement" to his complaint, Plaintiff states that he is filing "this supplemental complaint to add defendants and events that happened since Plaintiff filed his original complaint." ECF No. 77-1, at 1. Plaintiff names eight new DOC employees as defendants and alleges additional incidents that occurred in September, November, and December of 2011, and January and February of 2012. ECF No. 77-1, at 2-9. The supplement does not name any of the defendants or set forth any of the claims that were contained in Plaintiff's original complaint.[1]

## DISCUSSION

Where the parties seek to supplement the pleadings to allege facts occurring after the original pleadings were filed, FRCP 15(d) governs. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir.1998) ("Rule 15(d) permits the filing of a supplemental pleading which

---

[1] Plaintiff previously attempted, by way of a motion for injunctive relief, to pursue additional parties as to additional alleged incidents that occurred in November and December of 2011 that are separate from the incidents in his lawsuit. ECF No. 60. That motion was denied. ECF Nos. 75 and 76.

ORDER DENYING MOTION TO AMEND - 2

introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed.") (quotation omitted).  FRCP 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  The purpose of CR 15(d) is to promote "judicial economy and convenience" by allowing a party to bring in claims related to its original claims that occurred after the party filed its last complaint.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  However, "[w]hile leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'"  *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997); *see also*, 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").  In the exercise of its discretion to permit supplemental pleadings, the Court may also consider factors such as judicial efficiency, possible prejudice, or laches.  *Id.*; *Keith*, 858 F.2d at 474 (quoting 3 J. Moore, Moore's Federal Practice ¶ 15.16[3] (1985)).

  Plaintiff's supplemental complaint contains no new claims against the currently named defendants in this case, but instead raises entirely new claims against eight entirely new defendants.

  The claims set forth in Plaintiff's proposed supplemental complaint are separate and distinct from those in his original complaint and they should be set forth in a separate complaint.  *See Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d at 402.  As noted above, none of

ORDER DENYING MOTION TO AMEND - 3

the individuals named in the proposed supplement are currently named as defendants.  This case has been pending for almost a year and the discovery deadline is one month away.  ECF No. 56.  The addition of entirely new defendants and claims completely separate from the existing claims will detract from judicial efficiency and prejudice the existing defendants.

In addition, as noted by Defendants, there are no "technical obstacles" to the Plaintiff bringing a new, separate action to challenge his new claims.  *See United States v. Reiten*, 313 F.2d 673, 675 (9th Cir.1963) (stating that, "the general purpose of the Rules [regarding amended and supplemental complaints is] to minimize technical obstacles to a determination of the controversy on its merits").  It is, therefore, **ORDERED:**

(1) Plaintiff's Motion to Amend (ECF No. 77) is **DENIED.**

(2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  18th   day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND - 4